JOHN HODGES & others *vs.* DAVID PINGREE.

Before the *St.* of 1854, *c.* 74, a bill in equity could not be maintained by one tenant in common against another for a partition of a wharf and appurtenant rights, and for an account of the profits received by the defendant while in possession of the estate; but might for an account, on striking out the prayer for a partition.

BILL IN EQUITY, filed before the passage of *St.* 1854, *c.* 74, by the executor and devisees named in the will of Gamaliel Hodges, alleging their seisin of an undivided part of a wharf lot, with rights of wharfage and dockage, and Pingree's seisin of the remaining part; Pingree's use of the wharf for the purpose of laying at it vessels of his own and under his charge, and landing merchandise thereon, and depositing thereon materials and rigging for his vessels ; his receipt of all the rents and profits of the wharf; his promise to Gamaliel Hodges to account for all business done at the wharf, and to take charge thereof for all interested therein ; and his insolvency and refusal to render any account. The bill prayed for a discovery, an account, a commission to make partition of the premises, and for general relief. The defendant demurred generally.

*N. W. Hazen,* for the defendant.

*S. H. Phillips,* for the plaintiffs, cited Rev. Sts. *c.* 81, § 8; *c.* 103, §§ 25, 26; 1 Story on Eq. §§ 67, 71, 80, 441, 466, 518, 655, 656; *Fanning* v. *Chadwick,* 3 Pick. 420; *Goodrich* v. *Staples,* 2 Cush. 258; *Armstrong* v. *Gilchrist,* 2 Johns. Cas. 431; *Russell* v. *Clark,* 7 Cranch, 69; *May* v. *Parker,* 12 Pick. 34, *Adam* v. *Briggs Iron Co.* 7 Cush. 361; *De Witt* v. *Harvey,* 4 Gray, 486; *Clapp* v. *Shephard,* 23 Pick. 228; *St.* 1854, *c.* 74.

SHAW, C. J. This is a suit by one tenant in common against his cotenant, with two objects; one to obtain partition of real estate; and the other to have an account of the profits received by the defendant during his past occupation of the premises. These two subjects are entirely distinct.

With regard to the partition, there is a complete and adequate remedy at common law; and if by reason of the rights of wharfage and dockage, the premises cannot be divided without damage to the owners, the whole estate may be set off to any one of the parties who will accept it, he paying such sums of money, by way of owelty, as may be awarded by the commissioners. Rev. Sts. *c.* 103, § 25. *St.* 1850, *c.* 239.

The partition being apparently the leading object of the bill, the demurrer is well taken. It is said that the court, having once acquired jurisdiction of the case, will retain the case, to do complete justice between the parties. That is true, so far as concerns matters incidental to the subject of which the court has jurisdiction, and which must be disposed of in order to enable the court to enter a decree in the matter of which it has jurisdiction. *Holland* v. *Cruft,* 20 Pick. 321. But here the suit for an account does not draw after it, or make it necessary to consider, the question whether partition shall be had. The two things are incompatible. So far, therefore, the demurrer must be sustained.

But we are of opinion that the bill, if amended by striking out all relating to a partition, might be maintained as a bill in equity for an account. *Plaintiffs have leave to amend.*